UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELVIN EDUARDO ALVARADO
ROSALES,

      Petitioner,

  v.                            Case No.:  2:26-cv-903-SPC-NPM

TODD BLANCHE *et al..*

      Respondents,

                                   /

## OPINION AND ORDER

Before the Court are Elvin Eduardo Alvarado Rosales's Petition for Writ of Habeas Corpus (Doc. 1), the federal government's response (Doc. 7), and Alvarado Rosales's reply (Doc. 11).  For the below reasons, the Court grants the petition.

Alvarado Rosales is a native and citizen of Honduras who entered the United States on May 8, 2019.  Two days later, U.S. Customs and Border Patrol apprehended him, issued a notice to appear and a notice of custody determination, and released him on his own recognizance.  The Department of Homeland Security did not commence a removal proceeding by filing the notice to appear with an immigration court.  Alvarado Rosales complied with all conditions of release, and he has no criminal record.  He has a U.S. citizen wife and child, and his wife filed a petition for alien relative on his behalf.  It

remains pending. Border Patrol re-detained Alvarado Rosales on March 11, 2026. He is currently detained at Alligator Alcatraz.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225. As the respondents acknowledge, the Court rejected these arguments in cases that presented the same issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in those cases, Alvarado Rosales's detention is not governed by § 1225(b)(2). But unlike the prior cases, Alvarado Rosales's detention is not covered by § 1226 either. § 1226 allows the government "to detain certain aliens already in the country pending the outcome of removal proceedings[.]" *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). No removal proceedings have been commenced against Alvarado Rosales, and the respondents present no evidence that removal proceedings are forthcoming.

In short, Alvarado Rosales made a *prima facie* case that his detention lacks any legal justification, and the government fails to demonstrate a lawful basis for detention.

Accordingly, it is hereby

**ORDERED**:

Elvin Eduardo Alvarado Rosales's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1.     The respondents shall release Alvarado Rosales from custody within 24 hours of this Order and facilitate his transportation from the facility by notifying his counsel when and where he may be collected.

2.     The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on April 8, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1

3